**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN NEW JERSEY**

Case Number:____________________

JAMES BAILEY,
AND A CLASS OF SIMILARLY
SITUTATED INDIVIDUALS
EFFECTED BY A VIOD JUDGMENT[1]

Civ 04-5767 (MLC)

Petitioners,

vs.

CAROL VIVONA,
RICHARD O'CONNOR,
EDWARD J. MCKINNA,
MATRIX LLC,
OCEAN FIRST BANK,
[OF TOM RIVER, NEW JERSEY]
THE BOUROUGH OF RED BANK,
AND THE STATE OF NEW JERSEY,

Defendants/Respondent

**CIVIL RIGHTS COMPLAINT**
MOTION TO CONVENE THREE JUDGE COURT PURSUANT TO 28 U.S.C.S. §2284

---

Comes Now The Plaintiffs, James Bailey[2] *pro se* ( hereinafter "The Plaintiff" or "Mr. Bailey") on behalf of himself and other members of his family and hereby and respectfully presents his Civil Rights Complaint, ("The Complaint") and request to convene a three judge court pursuant to 28 U.S.C.S. §2284, to adjudicate issues related Plaintiff's request for declaratory and injunctive relief to be directed against the State of New Jersey and the Borough of Red Bank.

---

[1] Although The Plaintiff brings his claim as a private action, he contemplates implications and actual circumstances which might lend themselves to class certification upon motion of future counsel under Fed.R.Civ.Pro.23(a).

[2] James Bailey is the nature son of Leon and Catherine Pitts. He is the current holder of a quick claim deed conveying from his father, Mr. Leon Pitts, for value and just consideration, the property described as Red Bank, New Jersey, Block 73, lot 20, River Street. See attached Quick Claim Deed, Exhibit A-2.

Therefore, as grounds The Complaint, The Plaintiffs states and alleges the following:

I. *STANDARD OF REVIEW FOR PRO SE PLEADING*

The Plaintiff is proceeding without the benefit of counsel. However, Mr. Bailey has discussed on several occasions with three separate attorneys the prospect and theory of The Complaint. No terms have yet been reached with counsel. Therefore, The Plaintiff exercises his right to brings his claims *pro se.*

*Pro se* pleadings are to be construed liberally, and to be held to a less stringent standards than pleading drafted by licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *pro se* litigant should be given a reasonable opportunity to remedy defects in his pleading if his factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Dismissal is appropriate only if " it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-56 (157); also see, *Ramirez v. Department of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000).

I. STATEMENT OF CASE

1. On or about July 8, 2004, Matrix L.L.C. and the Borough of Red Bank entered into an agreement which involved the creation of an instrument to convey property rightfully belonging to Mr. Leon Pitts. As a question and matter of law, the facts of this transaction substantiates a claim of civil conspiracy between Matrix and the Borough of Red Bank. Accordingly, conspiracy is alleged.

2. On July 14, 2004, Matrix L.L.C. or it's legal representative submitted for recordation a property deed with the Office of Clerk and Recorder for Monmouth County, New Jersey. The Deed ("The Deed") purported to convey claim of the property denoted as Block 73, Lots 16 and 20 of the Borough of Red Bank from the Borough of Red Bank to Matrix L.L.C.

3. Contemporaneous to the recordation of The Deed by Matrix L.L.C., was the recordation of a Mortgage/Deed of Trust ("Mortgage") and an Absolute Assignment of Leases and Rents ("Assignment") conveying rights, title and property to the Ocean First Bank of Toms River, New Jersey. The Mortgage and Assignment is created for the use of First Ocean Bank to secure the sum of $526,500.00 extended to Matrix L.L.C.

4. The Deed states that value and consideration in the amount of $250,000.00 was paid to the Borough of Red Bank for the property which The Plaintiff claims to be the rightful owner of.

5. no surplus balance was offered or paid to either Mr. Pitts or The Plaintiff.

6. The Plaintiff's claim pertain only to the property denoted as "Track Two", Block 73, Lot 20. Such lot has an approximate value of $150,000.

7. The Deed was prepared by Richard O'Connor[3] and was signed by Red Bank Mayor, The Honorable Edward J. McKenna and Borough Clerk Carol Vivona. In effect, such parties, operating in both their official and individual capacity, conveyed rights and title to private property which is not nor has ever been owned by the Borough of Red Bank or such individuals.

8. The Deed purports that the Borough of Red Bank acquired the property via a Final Judgment in an *In Rem* Proceeding, dated June 4, 1981 under Docket Number F-

2382-80. *See* Action Title: *Borough of Red Bank v. Block 15A, Lot 38 Assessed To Ann Jordan*, et al. See Attached "Final Judgment", Exhibit A-1.

9. The so called "Final Judgment" spoken of above is neither final nor a judgment within the generally held definitions given in law and common law. And was void and as a matter of form and course, from the point of it's fraudulent inception. That such party, a representative of the Clerk of the Superior Court for the State of New Jersey, W. Lewis Bambrick, with forethought and reason, executed the document purporting to vest claim to private property to the Borough of Red Bank in violation of the Fourteenth Amendment to the United States Constitution.

10. That such conduct also violated an Act of Congress. Specifically 42 U.S.C.S.§ §1983 *et. seq*., and additionally implicates violations of the civil rights of persons other than The Plaintiff. Therefore, The Plaintiff request a three judge court pursuant to 28 U.S.C.S.§2284 to review demands for injunctive and declaratory relief effecting each party and/or appropriate heir of such party named in the initial Complaint at F-2382-80.

11. The Plaintiff further seeks the exercise of the supplemental jurisdiction over other state court claims.

12. The District Court has jurisdiction over each of the named parties and the subject matter presented.

## III. RELATED ARGUMENTS

### A. That The Instrument Purporting To Pass Title From Mr. Pitts To The Borough Of Red Bank Was Void From It's Inception And Was Rendered In Complete Absence Of Jurisdiction

The Following legal argument is essential to understanding and clarifying The Plaintiffs' *pro se* claim to Title of the property described at Exhibit A-2, and his

[3] Richard T. O'Connor is the attorney for the Borough of Red Bank who is in private practice.

allegation of a Fourteenth Amendment violation alleged against the State of New Jersey and the Borough of Red Bank.

As note in paragraph 8 and 9, of section II of The Complaint, the instrument dated June 4, 1981 entitled a "Final Judgment", is void as a judgment. And in fact, is not a judgment at all.

A judgment is a judicial action of the court. *Blackslee's Storage Warehouse, Inc. v. Chicago*, 369 Ill 480, 17 NE2d 1, (1978). It is the result of the application of legal principle to the state of facts presented to the court for consideration. See *James W. Glover, Ltd. v. Fong*, 42 Hawaii 560 (1983). It may also be defined as the court's official and final consideration and determination of the respective rights and obligations of the parties as those rights and obligations currently exist upon matters submitted to the court in an action or proceeding. *People ex rel. Schwartz v. Fagerholm*, 17 Ill 2d 131, 161 NE2d 20 (1991).

A judgment must dispose of all the issues involved so that no further action by the court is necessary in order to settle and determine the entire controversy. *Parsons Steele Inc. v. Beasley*, 600 So 2d 248 (Ala. 1987). The judgment must also be sufficiently clear and definite so that it is susceptible of enforcement, and those called upon to understate and obey it must not be misled or called upon to pay more than is due. *Lisbon School Committee v. Lisbon Board of Education Assoc.*, 438 A2d 239 (1997).

A judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceedings is void. See *Commodity Futures trading Com. v. Nahas*, 738 F.2d 487 (DC App. 1993). Such judgment may be attacked in any direct or collateral proceedings where a person seeks to assert a right arising from the judgment, at any time

when the judgment is to be enforced or the validity is drawn into question. *Editorial Photocolor Archives, Inc. v. Granger Collection*, 61 NY2d 517, 474 NYS2d 964, 463 N.E.2d 365 (1994). In the case at bar, alleged title to the property at issue was recently past from the Borough of Red Bank to Matrix LLC. And, then again Mortgaged by Matrix to First Ocean Bank.

The basis for allowing a claim challenging the authority of a void judgment in any proceeding, including the United States District Court, or at any time, is found in the doctrine that judgments of a court acting outside of the constitutional and statutory provisions defining its subject matter jurisdiction are void.

Similarly, if a party improperly standing in for the court without legislative or judicial authorization, executes a "judgment" which has no rational basis in law, such judgment is too void from it's very inception. Simply stated, an employee of the Clerk's Office does not have the legal authority to enter final relief in an in rem proceeding pertaining to the foreclosure of a tax certificate sale.

Title 54 of the New Jersey Statute Annotated sets forth the procedural mechanism for a Municipality to engage in the practice of purchasing private property[4] by way of first purchasing Tax Sale Certificates. This process allows the Municipality, after the expiration of a specific period of time, and after posting and serving the required Notices under the statute, to foreclose on the rights of interested parties to make "Claim" to such property. *See* NJSA §25:2-21. Definition A to H.

A foreclosure of said rights of interest parties to redeem such property may be completed only as prescribed under NJSA §54:5-104.29-36. which requires the entry, by

[4] The statute requires that a Municipality may purchase upon Resolution of the Town Counsel reflecting an immediate need of such property by the Municipality. See NJSA 54:5-30-1

the Superior Court, of an Order or Final Judgment extinguishing said interested parties right to redeem and make other "Claim" to such property. Id. This has never been done. No Judge of the Superior Court has ever entered an Order foreclosing such rights of interest parties. Accordingly, the "Judgment" was rendered in the absence of jurisdiction.

"[A] jurisdictional bar cannot be overcome by consent, waiver or espottel." *Wall v. Macfield/Unifi*, 131 N.C. App. 863, 509 S.E.2d 798 (1998). "Jurisdictional defects cannot be waived." *State ex rel. Jones v. Suster*, 84 Ohio St. 3d 70, 701 N.E.2d 1002 (1998).

The provisions of Title 54 of NJSA are mandatory, and were carefully placed by the legislature to provide 14th Amendment *due process* and *equal protection* to the property interest of citizens and others.

It is well settled under New Jersey law and common law that the right to redeem a Tax Sales Certificate exist until such time as a Final Order/Judgment by the Superior Court is entered. Under such circumstances, [the issuance of a proper final order by the court] any right or Claim would become *Barred By Decree*. See NJSA §54:5-86. Such decree may be recorded and would then serve the same as a deed to said property. In the absence of such decree or judgment, such right still remains. And remains still.

"The passage of time, however great, does not effect the validity of a judgment, and cannot render a void judgment valid." *State ex rel. Smith v. Sixth Judicial District Court*, 63 Nev. 249, 167 P.2d 648 (1994).

B. Although the Attorney For The Borough Of Red Bank Did Initiate An In Rem Foreclosure At F-2382-80 Regarding The Property At Issue, No Final Order Or Judgment Was Ever Entered Pursuant To NJSA §54:5-104.29-36.

The Attorney for the Borough of Red Bank prepared a Final Order and submitted the same to the Office of the Clerk of the Superior Court in the manner of a request for Default Judgment under R. 4:43-1. That Order was executed by stamp of the Clerk's Office dated June 4, 1981, and is recorded with the Clerk and Recorder at Deed Book 4299, page 618. 9. However, Rule 4:43-1 restricts the entry of Default by the Clerk in matters pertaining to In Rem Foreclosures of Tax Sale Certificates. Even if the rule allowed for default judgment to be entered, a final judgment from the court would still be required. *See 2 Am Jur 2d, Administrative Law §§ 274 et seq*. (For a discussion of jurisdiction of administrative agencies.). The Rule directs that such *in rem* matters are governed by the provisions of R. 4;64-1. Also see R. 4:64-7 (g).

NJSA §54:5-104.36 provides that only "[t]he Superior Court shall have jurisdiction to give full relief, in rem, as prescribed by this act." *Id.* [emphasis added]. Neither the Borough of Red Bank, The Clerk of the Court, The Court or the State of New Jersey can circumvent such act of congress.

IV. **ALLEGATIONS**

(1) A simple search of public records reflect that the Borough of Red Bank has never obtained a Final Judgment regarding the property at issue and therefore conveyed the property at issue without right or title and in contravention of the rights and title of the true holder of such property. The same in violation of the property owner's rights under the Fourteenth Amendment and in additional violation of 42 U.S.C.S.§1983.

(2) That the State of New Jersey, specifically, the Superior Court[5] and the Office of the Clerk of the Superior Court, cause spurious documents, liens and assignments or

[5] As the plaintiff's claims pertain to the superior court, he seeks only injunctive and declaratory relief with respect to such parties.

rights to generate against The plaintiff's property in violation of his right to due process and equal protection. The same in violation of the fourteenth amendment and his right to make and enforce a contract in the same manner as white people in violation of both 42 U.S.C.S.§ §1981 and 1983.

11. <u>NJSA §25:2-3. Conveyances, etc., and judgments and executions in fraud of creditors void as against persons defrauded,</u>

The section states; "Every conveyance, grant or alienation of real estate, or goods and chattels, or of any estate or interest therein, whether made by writing or otherwise, and every judgment and execution which have been or shall be contrived in fraud, covin or collusion, with in intent to hinder, delay or defraud creditors and others of their lawful actions, debts, damages or demands, shall be deemed and taken (only as against those persons, their executors, administrators or assigns, whose actions, debts, damages or demands are or may be hindered or defeated by such covinous or fraudulent devices and practices) to be utterly void and of no effect, any feigned consideration, color or other pretense to the contrary notwithstanding." *Id.*

Based on the facts stated above, The Plaintiffs believes that no "transfer" was made and perfected pursuant to subsection a. of NJSA §25:2-27.

That the provisions outlined at NJSA §24:2-3 are applicable to the facts of this case and a Action under NJSA §25:2-29 a. is accordingly alleged.

III. <u>REQUEST FOR DAMAGES</u>

1. Injunctive Relief enjoining past and future enforcement of the "Final Judgment."

2. Declaratory Judgment declaring that such Judgment issued by the Clerk's Office is void.

3. Class Certification Pursuant To Federal Rules Of Civil Procedure, Rule 23 (b)

4. Avoidance Of The Transfer To The Extent Necessary To Satisfy The Plaintiffs' Claim.

5. An Attachment Or Other Provisional Remedy Against The Asset Transferred Under Chapter 26 Of Title 2A Of The New Jersey Statutes and Rule 4:60 et seq. of the Rules Governing The Court of the State of New Jersey

6. Actual and Punitive Damages

Wherefore the above Complaint is given.

Respectfully Submitted:

James Bailey pro se
100 River Street
Red Bank, N.J. 07701
(732) 747-1384

James Bailey
2100 Downing Street, Suite 100
c/o American Motor Freightways, Inc.
Denver, Colorado 80205
Phone: (303) 864-9215

cc: Matrix L.L.C.
7 Twin Lakes Drive
Colts Neck, New Jersey 07722

# EXHIBIT A-1

SEE DEED REC 1-27-88 BOOK 4825 PAGE 587

SEE DEED REC 3/21/83 BOOK 4392 PAGE 315

014591

FILED MAR 30 1981

MAY 8 11 12 AM '81

LABRECQUE, PARSONS & BASSLER
75 WEST FRONT STREET/P.O. BOX 770
RED BANK, N. J. 07701
(201) 842-6400
ATTORNEYS FOR Plaintiff

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
MONMOUTH COUNTY
DOCKET NO. F-2382-80

BOROUGH OF RED BANK, a Municipal Corporation,

Plaintiff,

vs.

BLOCK 15A, LOT 38, ASSESSED TO ANN JORDAN, et. als.,

Defendants.

Civil Action

FINAL JUDGMENT

5/8/81

This cause being opened to the Court by Gil Douglas Messina, Esquire, of Labrecque, Parsons & Bassler, attorneys for plaintiff, and it appearing that plaintiff filed its Complaint pursuant to the provisions of N.J.S.A. 54:5-104.29, et. seq., as amended and the Rules of this Court governing such practice and procedure to foreclose in rem certain tax sale certificates as set forth in the annexed Schedule "A".

It further appearing that notice of this foreclosure

suit in the form prescribed by said Statute and the Rules of this Court was published once in the Sunday Register, a newspaper circulating in the Borough of Red Bank, the municipality wherein the lands to be affected are located, and it further appearing that no Answer has been filed in this cause by any person having or claiming to have a right, title or interest in or to, or lien upon any parcel of land described in the annexed Schedule "A" within the time fixed by said Statute, and it appearing that the plaintiff has filed a copy of the Complaint in the office of the Tax Collector of the Borough of Red Bank and in the office of the Clerk of the County of Monmouth, and in the office of the Attorney General of the State of New Jersey, and the Court having read and considered the Verified Complaint filed herein, together with the proofs of publication, posting and service of said notice of foreclosure, and the affidavit showing that there has been no redemption of any of the tax sale certificates set forth in the annexed Schedule "A"; and the Court being satisfied and having determined that there has been compliance with said Statute;

It is thereupon on this 30 day of March, 1981, Ordered and Adjudged that all persons having a vested or contingent title or interest in or lien or claim upon or against said lands, including the State of New Jersey, and any agency and political subdivision thereof, and their heirs, devisees and personal representatives and their or any of their heirs,

devisees, executors, administrators, grantees, assigns or successors in right, title or interest, notwithstanding any infancy or incompetency of such person or persons, and all other persons, their heirs, devisees and personal representatives and their or any of their heirs, devisees, executors, administrators, grantees, assigns or successors in right, title or interest, be barred of the right of redemption and be foreclosed of all prior or subsequent alienations and descents of said lands and encumbrances thereon and that an absolute and indefeasible estate of inheritance in fee simple in said lands be vested in the plaintiff, the Borough of Red Bank in the County of Monmouth, a Municipal Corporation of the State of New Jersey.

W. LEWIS BAMBRICK
Clerk
, J.S.C.

I, W. Lewis Bambrick, Clerk of the Superior Court of New Jersey, the same being a Court of Record, do hereby certify that the foregoing is a true copy of the Final Judgment now on the files of my office

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at Trenton, this 10th day of April Nineteen hundred and 87

W. Lewis Bambrick
Clerk

BOOK 4295 PAGE 85

# EXHIBIT A-2

M 912—Quitclaim deed, statutory deed language, ind. or corp. 5-81

© 1981 by Julius Blumberg, Inc., Publisher, NYC 10013

Consult your Lawyer before signing this deed — it has important legal consequences.

| COUNTY OF MONMOUTH | |
|---|---|
| CONSIDERATION | 500. — |
| RTF 2.00 | add'l RTF |
| DATE | BY TB |

COPY.

# Deed

**Date** 11-18-04

**This Deed** is made on 11-18-04 between

**Parties**

**Grantor** *Full name(s) and post office address* Leon Pitts
100 River St.
Red Bank, N.J. 07701

Grantor, and

**Grantee** *Full name(s) and post office address* James Robert Bailey AKA Alan D. Pitts
100 River St.
Red Bank, N.J. 07701

Grantee.

(The words "Grantor" and "Grantee" include all Grantors and all Grantees under this Deed.)

**Consideration**

In return for the payment to them of Dollars ($500.00),

**Conveyance**

the Grantor grants and releases to the Grantee all of the claims of the Grantor upon the land located in the Red Bank of Monmouth County of New Jersey and State of New Jersey, specifically described as follows:

**Description of Land**

Lot 20, Block 73, situated in the Borough of Red Bank, Monmouth County, New Jersey:

Beginning @ a point, said point being in the northerly line of River Street (60' R.O.W), at distance of 263.50 Feet westerly from the intersection of the westerly line of Shrewbury Avenue (60' R.O.W.) and said northerly line of River Street, thence proceeding,

1 — Along the northerly line of River St, North 84 degrees 30 minutes 00 seconds West, a distance of 35.50 feet to a point; thence,

2 — Along the easterly line of lot 21, North 05 degrees 47 minutes 30 seconds East, a distance of 150.00 Feet to a point; thence

3 — Along the southerly line of lot 9, South 84 degrees 30 minutes 00 seconds East, a distance of 35.50 Feet to a point; thence,

4 — Along the westerly line of Lot 19, South 05 degrees 47 minutes 30 seconds West, a distance of 150.00 feet to the point of Beginning. Also See Exhibit A, Attached Hereto

MONMOUTH COUNTY CLERK
2004 NOV 19 A 11:51
M. CLAIRE FRENCH
RECEIVED

This Deed was prepared by James R. Bailey *Print or type name.* [signature] *Signature*

Tract 2:

Description of Property known as Lot 20, Block 73, situate in the Borough of Red Bank, Monmouth County, New Jersey

**Beginning at a point**, said point being in the northerly line of River Street (60' R.O.W.), a distance of 263.50 feet westerly from the intersection of the westerly line of Shrewsbury Avenue (60' R.O.W.) and said northerly line of River Street; thence proceeding,

1. Along the northerly line of River Street, North 84 degrees 30 minutes 00 seconds West, a distance of 35.50 feet to a point; thence,
2. Along the easterly line of Lot 21, North 05 degrees 47 minutes 30 seconds East, a distance of 150.00 feet to a point; thence,
3. Along the southerly line of Lot 9, South 84 degrees 30 minutes 00 seconds East, a distance of 35.50 feet to a point; thence,
4. Along the westerly line of Lot 19, South 05 degrees 47 minutes 30 seconds West, a distance of 150.00 feet to the point of beginning.

Exhibit A

BEING the same premises conveyed to Grantor from the Borough of Red Bank, by Deed dated the date hereof.

THIS is a first purchase money mortgage and prior lien on the within described premises.

ORIGINAL DOCUMENT POOR QUALITY

**Municipal Lot and Block or Account Number**

The land is now designated as Lot 20 in Block 73 on the municipal tax map (or as Account No. ).

*Check box if applicable*

[X] No property tax identification number for the land is available at the time of this conveyance.

**Receipt of Consideration**

The Grantor has received the full payment from the Grantee.

**Signature of Grantor**

The Grantor signs this Deed on the first date above. If the Grantor is a corporation this Deed is signed by its corporate officers and its corporate seal is affixed.

Signed, sealed and delivered in the presence of or attested by: Leon Pitts (SEAL)

............................................ ............................................ (SEAL)

### CERTIFICATE OF ACKNOWLEDGMENT BY INDIVIDUAL

**State of New Jersey, County of**

I am a Notary
an officer authorized to take acknowledgments and proofs in this State. I sign this acknowledgment below to certify that it was made before me.

On December 18th 2004 Leon Pitts
appeared before me in person. *(If more than one person appears, the words "this person" shall include all persons named who appeared before the officer and made this acknowledgment).* I am satisfied that this person is the person named in and who signed this Deed. This person acknowledged signing, sealing and delivering this Deed as this person's act and deed for the uses and purposes expressed in this Deed.

This person also acknowledged that the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by this Deed, as such consideration is defined in P.L. 1968, c. 49, §1(c), is $ 500.00

DEANA LICATA
Notary Public, State of New Jersey
My Commission Expires Aug. 16, 2006

Deana Licata
*Officers signature. Print, stamp or type name and title directly beneath.*

### CORPORATE PROOF BY THE SUBSCRIBING WITNESS

**State of New Jersey, County of**

I am a
an officer authorized to take acknowledgments and proofs in this State.

On ..............................................
(from now on called the "Witness") appeared before me in person. The Witness was duly sworn by me according to law under oath and stated and proved to my satisfaction that:

1. The Witness is the ............................................ Secretary of the Corporation which is the Grantor in this Deed.

2. ............................................ the officer who signed this Deed, is the ........................ President of the Corporation (from now on called the "Corporate Officer").

3. The making, signing, sealing, and delivery of this Deed have been duly authorized by a proper resolution of the Board of Directors of the Corporation.

4. The Witness knows the corporate seal of the Corporation. The seal affixed to this Deed is the corporate seal of the Corporation. The seal was affixed to this Deed by the Corporate Officer. The Corporate Officer signed and delivered this Deed as and for the voluntary act and deed of the Corporation. All this was done in the presence of the Witness who signed this Deed as attesting witness. The Witness signs this proof to attest to the truth of these facts.

The Witness also acknowledged that the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by this Deed, as such consideration is defined in P.L. 1968, c. 49, §1(c), is $........................

Sworn to and signed before me on the date written above.

............................................
*Witness: sign above and print or type name below.*

............................................
*Officers signature. Print, stamp or type name and title directly beneath.*

Return:
James Bailey
100 River St
Red Bank, N.J. 07701

GIT/REP-3
(8-04)

State of New Jersey
SELLER'S RESIDENCY CERTIFICATION/EXEMPTION
(C.55, P.L. 2004)

(Please Print or Type)

**SELLER(S) INFORMATION (If Multiple Sellers, Each Seller Must Complete a Certification)**

Name(s): Leon Pitts

Current Resident Address:

Street: 100 River St.

City, Town, Post Office: Red Bank | State: N.J. | Zip Code: 07701

**PROPERTY INFORMATION (Brief Property Description)**

Block(s): 73 | Lot(s): 20 | Qualifier:

Street Address: No street address

City, Town, Post Office: | State: | Zip Code:

Seller's Percentage of Ownership: 100% | Consideration: 500.00 | Closing Date: N/A

**SELLER ASSURANCES (Check the Appropriate Box)**

1. ☐ I am a resident taxpayer of the State of New Jersey pursuant to N.J.S.A. 54A:1-1 et seq. and will file a resident gross income tax return and pay any applicable taxes on any gain or income from the disposition of this property.
2. ☐ The real property being sold or transferred is used exclusively as my principal residence within the meaning of section 121 of the federal Internal Revenue Code of 1986, 26 U.S.C. s. 121.
3. ☐ I am a mortgagor conveying the mortgaged property to a mortgagee in foreclosure or in a transfer in lieu of foreclosure with no additional consideration.
4. ☐ Seller, transferor or transferee is an agency or authority of the United States of America, an agency or authority of the State of New Jersey, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.
5. ☐ Seller is not individual, estate or trust and as such not required to make an estimated payment pursuant to N.J.S.A.54A:1-1 et seq.
6. ☒ The total consideration for the property is $1,000 or less and as such, the seller is not required to make an estimated payment pursuant to N.J.S.A. 54A:5-1-1 et seq.

**SELLER(S) DECLARATION**

The undersigned understands that this declaration and its contents may be disclosed or provided to the New Jersey Division of Taxation and that any false statement contained herein could be punished by fine, imprisonment, or both. I furthermore declare that I have examined this declaration and, to the best of my knowledge and belief, it is true, correct and complete.

11-19-04
Date

Leon Pitts
Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact

Date

Signature
(Seller) Please indicate if Power of Attorney or Attorney in Fact